No. 489 June 3, 2026 287

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. G.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

D. G.,
*Appellant.*

Multnomah County Circuit Court
25CC04156; A188358

Erin E. Kirkwood, Judge.

Submitted April 10, 2026.

Christopher J. O'Connor and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

LAGESEN, C. J.

Reversed.

_____
\* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**LAGESEN, C. J.**

Appellant appeals a judgment committing him to the custody of the Oregon Health Authority for a period not to exceed 180 days. The trial court entered that judgment and order after finding that appellant suffered from a mental disorder that caused him to be a danger to others under ORS 426.005(1)(f)(A) (2023), *amended by* Or Laws 2025, ch 559, § 4 (defining a "person with a mental illness" as a "person who, because of a mental disorder, is *** [d]angerous to self or others"). We reverse.

Appellant argues that the state failed to present sufficient evidence for the trial court to find by clear and convincing evidence that he posed a danger to others at the time of the hearing. The state concedes the error. *See State v. S. R. J.*, 281 Or App 741, 749, 386 P3d 99 (2016) ("[T]o permit commitment on the basis that a person is dangerous to others [under ORS 425.005(1)(f)(A) (2023)], the state must establish that actual future violence is highly likely." (Internal quotation marks omitted.)). Having reviewed the record, we agree with and accept the state's concession and reverse the judgment.

Reversed.